**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0006152**
**31-AUG-2016**
**02:22 PM**

NO. CAAP-13-0006152

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BERT KAPAHU, Plaintiff-Appellant,
v.
SAM'S CLUB WEST, INC., Defendant-Appellee,
and
JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5,
DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5,
and DOE GOVERNMENTAL AGENCIES 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0071)


MEMORANDUM OPINION
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Bert Kapahu passed away before his slip-and-fall lawsuit against Defendant-Appellee Sam's Club West, Inc., came to trial.[1] On April 5, 2013, Sam's Club filed a Suggestion of Death Upon the Record ("Suggestion of Death") and properly served Kapahu's attorney and Ms. Tassilyn Kapahu ("Ms. Kapahu"), Kapahu's widow, with copies that same day. After more than 120 days passed without a motion to substitute for Kapahu being filed, Sam's Club brought a motion to dismiss under both Hawai'i Rules of Civil Procedure ("HRCP") Rules 25(a)(1) and 41(b) ("Motion to Dismiss").[2] Kapahu's non-hearing Motion for

---

[1]    Kapahu died on February 3, 2013. Kapahu's attorney informed the court of his client's death at a trial setting conference on February 5, 2013.

[2]    A dismissal under HRCP Rule 25(a)(1) relates to a party's failure to substitute upon the party's death:

(continued...)

Substitution of Party ("Motion for Substitution") was filed on September 10, 2013, the same day that his opposition to the Motion to Dismiss was filed.

At the September 19, 2013 hearing on the Motion to Dismiss, the court addressed Kapahu's motion for substitution. During the hearing and upon inquiry of the court, Kapahu's counsel orally moved for an extension of time to file the motion for substitution. Nonetheless, the Circuit Court of the First Circuit ("Circuit Court")[3] granted the Motion to Dismiss based on Rule 25, but without ruling on Kapahu's pending motion to substitute.[4] Moreover, the court later denied the Motion for Substitution on the basis that it was "moot" because the Dismissal Order had already been entered. On November 22, 2013,

---

[2](...continued)
> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . . Unless the motion for substitution is made not later than 120 days after the death is suggested upon the record by service of a statement of the fact of the death . . . , the action shall be dismissed as to the deceased party.

Haw. R. Civ. P. 25(a)(1). A dismissal under HRCP Rule 41(b), on the other hand, relates more generally to a failure to prosecute:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against it.

Haw. R. Civ. P. 41(b)(1).

[3] The Honorable Karen T. Nakasone presided.

[4] The Order Granting Defendant Sam's West, Inc.'s Motion to Dismiss with Prejudice ("Dismissal Order") states that the Circuit Court reviewed the Motion to Dismiss, Kapahu's memorandum in opposition to the motion, and Sam's Club's reply memorandum in reaching its decision, but says nothing about considering Kapahu's Motion for Substitution. That apparent anomaly appears to be explained by the court's two findings that:

> 9. Neither Plaintiff's former attorney . . . nor any successors or representatives of the deceased party, filed a Motion for Substitution of Party within the 120-day time period, as required under Rule 25 of the Hawaii Rules of Civil Procedure.

> 10. Plaintiff's former attorney did not file a motion to extend the 120-day deadline.

It appears from these findings that the Circuit Court's Dismissal Order was based on the Circuit Court's view that HRCP Rule 25 requires dismissal if a timely written motion to extend the 120-day deadline is not made.

the Circuit Court entered the Judgment in favor of Sam's Club and against Kapahu. Kapahu timely appealed.

Because we conclude that the Circuit Court was required to consider the Motion for Substitution and, in this case, the related motion for extension of time under HRCP Rule 6(b),[5] before ruling on the Motion to Dismiss under HRCP Rule 25, we hold that the Circuit Court abused its discretion, vacate the Judgment, and remand the case to the Circuit Court for further proceedings.

I.   BACKGROUND

According to the allegations in the Complaint, on January 10, 2010, Kapahu slipped and fell on the premises of a Walmart store located at 750 Keeaumoku Street, Honolulu, Hawaii. On February 5, 2013, at a trial setting conference, Kapahu's counsel informed the Circuit Court that Kapahu had recently passed away and that he would be checking with the family to determine how they would like to proceed. The matter was continued until April 4, 2013, at which time it was continued again to July 10, 2013.[6]

On April 5, 2013, Sam's Club filed the Suggestion of Death under HRCP Rule 25(a)(1) and served copies of the same on Kapahu's counsel and Ms. Kapahu.[7] At the July 11, 2013 trial setting conference, Kapahu's counsel requested an additional

_____

[5]     The rule provides that:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

Haw. R. Civ. P. 6(b).

[6]     The trial setting conference was later continued by minute order to July 11, 2013.

[7]     Under the rule, Kapahu had 120 days from April 5, or until August 5, 2013, to file a motion for substitution of party. Haw. R. Civ. P. 25(a)(1).

continuance to allow time for the family to decide what should be done. Without objection or discussion of the effect that a further continuance might have under HRCP Rule 25(a)(1), the Circuit Court granted counsel's request and continued the matter until October 9, 2013.

On August 6, 2013, Sam's Club filed its Motion to Dismiss. The motion was set for hearing on September 18, 2013.

On August 20, 2013, Kapahu's counsel, on Ms. Kapahu's behalf, filed an Application for Informal Appointment of Personal Representative (Without Will) and an Acceptance of Appointment with the probate court. On September 3, 2013, the probate court issued Letters of Administration and informally appointed Ms. Kapahu as personal representative of the decedent's estate.

On September 10, 2013, Kapahu's counsel filed a memorandum in opposition to Sam's Club's Motion to Dismiss and a non-hearing Motion for Substitution, which asked the court to substitute Ms. Kapahu as personal representative of the Estate of Bert Kapahu, deceased, as Plaintiff. Counsel explained that after several failed attempts at contacting Ms. Kapahu following the filing of the Suggestion of Death, he finally succeeded in calling her in mid-August, and she had then authorized him to obtain an appointment for her from the probate court and to subsequently represent her in this case.

On September 19, 2013, at the hearing on the Motion to Dismiss, the court early on noted that it understood the motion to be based on Kapahu's alleged "failure to comply with [HRCP] Rule 25," and noted that "prejudice" was only one of the factors that the court would look at. The court noted that the period of time provided for in HRCP Rule 25(a)(1) had expired and inquired why Kapahu had not sought to extend time to file his Motion for Substitution. Kapahu's counsel explained that he was orally moving for an extension and requested that the Circuit Court extend the time to file a motion for substitution:

THE COURT: Then why didn't you move to extend the time?

[COUNSEL FOR KUPAHU]: Well, I am. I'm asking you to extend the time.

THE COURT: You've got to move to extend before the deadline.

4

> [COUNSEL FOR KUPAHU]: No, I can do it afterwards. I can do it afterwards. I can do it right now, and I'm doing it. I'm asking you to use your judicial authority to extend that time to the time the motion was filed properly.
>
> . . . . [FURTHER DISCUSSION BETWEEN THE COURT AND COUNSEL FOR THE PARTIES]
>
> [COUNSEL FOR KUPAHU]: . . . And under the circumstances, we would again ask that you exercise your discretion and authority to do justice and extend the time for the filing of that motion to substitute, under the circumstances of this case.

In support of its Motion to Dismiss, Sam's Club argued that the court should consider the prejudice that Sam's Club had experienced throughout the case as a whole, and told the court that the burden was on Kapahu to demonstrate "good faith" and a "reasonable basis for noncompliance with the rules":

> Your Honor, I think that -- an analysis of this situation requires kind of stepping back and looking at the whole case. And [Kapahu's counsel] has brought it down to, ["]Well, this is only a matter of two weeks. ["] That's not true. That's not true. He's failed to prosecute this case from the start until we filed the motion to dismiss, and even then still has not properly prosecuted the case. We are still talking three years and eight months for an incident . . . .
>
> . . . But at some point you have to ask -- you know, it becomes unreasonable for her to not communicate with her attorney, and at some point it becomes unreasonable for [Kapahu's counsel] not to send somebody over the Pali to Kaneohe and knock on her door. And we are way past that point.
>
> So I don't think there were any extenuating circumstances here where the Court should deviate from the words "shall dismiss." I don't think [Kapahu's counsel] has shown any good faith on their end where he has the burden to show reasonable basis for noncompliance with the rules.

After further argument, the Circuit Court orally granted the Motion to Dismiss. In announcing its ruling, the court relied on both what it perceived as the mandatory nature of HRCP Rule 25 and also on the prejudice that it concluded had resulted to Sam's Club from the overall conduct of the case:

> Okay. I've heard enough argument.
>
> The Court's ruling on the defendant's motion to dismiss will be as follows.
>
> For the reasons that I'm going to state and for any other good cause shown in the record, and based on the entirety of what the defendants have presented, and that's the authority for the Court's decision, I'm going to grant the motion to dismiss.
>
> . . . The 120-day period expired on or about August 5th, 2013. No motion to extend the time -- and the rule clearly

> says "shall be dismissed." No motion to extend the time was filed within the [120]-day period. The record indicates that the plaintiff's family themselves . . . were not maintaining contact with Plaintiff's counsel, and it was not until mid-August 2013, [which] is already after the 120-day deadline has expired, [and] without any motion for extension being filed, . . . that Plaintiff's counsel was able to finally get a hold of a member of Plaintiff's family.
>
> The Probate Court petition was not filed until August 20th, 2013. . . . That's also past the August 5th, 2013, deadline, which Rule 25 says -- the terms used in the rule are "shall."
>
> . . . Based on the entirety of what the defendants have presented in terms of delay, the case being filed on the last day of the statute of limitations period is something the Court did consider. The lack of one eyewitness no longer being employed by the defendant, that is another factor the Court did consider. The four deposition attempts on May 4, 2012; July 18, 2012; September 21, 2012; December 10, 2012; and including the September 21, 2012, deposition that was terminated by mutual agreement based on the plaintiff's condition, and the fact that even after that a fifth deposition attempt was made after September 2012, to which there was no response, according to the Defense Declaration. The Defense also articulated that no [independent medical examination] is now possible . . . .
>
> The Court notes -- the record also established that the plaintiff's death occurred February 3rd, 2013. The defendants were notified by Plaintiff's counsel February 4, 2013, yet it is the defendants who actually filed the Suggestion of Death on April 5th; and it was not until then that, I guess, appropriate steps or activity regarding the substitution appeared to have commenced.

Accordingly, the Circuit Court filed its Dismissal Order on October 9, 2013.

On October 21, 2013, Kapahu's counsel filed a non-hearing motion for reconsideration, which the Circuit Court denied on November 22, 2013. The court also denied Kapahu's Motion for Substitution as moot. Kapahu timely appealed from the subsequent Judgment in favor of Sam's Club to this court, and, based on the discussion below, we vacate and remand.

II. POINT OF ERROR

On appeal, Kapahu contends that the Circuit Court erred "in granting the motion to dismiss for failure to file a motion to substitute parties, thereby rendering the motion to substitute parties moot[.]"

6

III. STANDARD OF REVIEW

*Conclusions of Law ("COLs")*

> [The appellate] court reviews the trial court's COLs
> de novo.  A COL is not binding upon an appellate court and
> is freely reviewable for its correctness.  Moreover, a COL
> that is supported by the trial court's [Findings of Fact]
> and that reflects an application of the correct rule of law
> will not be overturned.

*Bhakta v. Cty. of Maui*, 109 Hawaiʻi 198, 208, 124 P.3d 943, 953 (2005) (citations, internal quotation marks, and brackets omitted).

*Motion for Extension of Time*

"The 120-day time period [provided for in HRCP Rule 25(a)(1)] is subject to extension under HRCP Rule 6(b), at the discretion of the circuit court."  *Elsenbach v. Elsenbach*, No. CAAP-14-0000877, 2015 WL 4878412 at *3 (Hawaiʻi App. Aug. 14 2015) (footnote omitted).  An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

*Motion to Dismiss*

"A trial court's ruling on a motion to dismiss is reviewed de novo."  *Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008).

*Statutory Interpretation*

> "Statutory interpretation is a question of law
> reviewable de novo."  *State v. Wheeler*, 121 Hawaiʻi 383, 390,
> 219 P.3d 1170, 1177 (2009) (internal quotation marks omitted).
> Our construction of statutes is guided by the following rules:
>
> > First the fundamental starting point for
> > statutory-interpretation is the language of the
> > statute itself.  Second, where the statutory
> > language is plain and unambiguous, our sole duty
> > is to give effect to its plain and obvious
> > meaning.  Third, implicit in the task of
> > statutory construction is our foremost obligation
> > to ascertain and give effect to the intention of
> > the legislature, which is to be obtained
> > primarily from the language contained in the
> > statute itself.  Fourth, when there is doubt,
> > doubleness of meaning, or indistinctiveness or

7

> uncertainty of an expression used in a statute,
> an ambiguity exists.

*Id.* (citation omitted).

*First Ins. Co. of Haw. v. A&B Props., Inc.*, 126 Hawai‘i 406, 414, 271 P.3d 1165, 1173 (2012).

IV. DISCUSSION

Kapahu contends that the Circuit Court abused its discretion when it declined to extend the 120-day deadline to substitute parties pursuant to HRCP Rule 6(b) following an oral request to do so at the September 19, 2013 hearing on Sam's Club's Motion to Dismiss. We agree.

The Dismissal Order finds that "Plaintiff's former attorney did not file a motion to extend the 120-day deadline." That Kapahu did not "file" a motion, however, is a slender reed on which to rely in light of the fact that counsel for Kapahu moved orally to extend the deadline at the September 19, 2013 hearing, albeit after 120 days had already lapsed. Indeed, under HRCP, a motion shall be made in writing *unless it is made during a hearing or trial*. *See* Haw. R. Civ. P. 7(b)(1). Since the motion here was made during a hearing, we focus on the merits of Kapahu's motions and consider whether the court abused its discretion in denying them.

The HRCP state that "the [underlying] action *shall* be dismissed . . . [u]nless the motion for substitution is made not later than 120 days after the death is suggested upon the record." Haw. R. Civ. P. 25(a)(1) (emphasis added). Nevertheless, we have previously held that "[t]he 120-day time period [provided for in HRCP Rule 25(a)(1)] is subject to extension under HRCP Rule 6(b), at the discretion of the circuit court." *Elsenbach*, 2015 WL 4878412, at *3 (footnote omitted). In other words, although we would ordinarily hesitate to conclude that the Circuit Court abused its discretion in applying what appears to be a straightforward reading of a procedural rule, the Hawai‘i Supreme Court has held that "the discretion of the court [pursuant to HRCP Rule 6(b)] *should be exercised* to permit an extension of time, in the absence of a showing of bad faith on

the part of the movant for substitution or undue prejudice to the other parties to the action." *Bagalay v. Lahaina Restoration Found.*, 60 Haw. 125, 141, 588 P.2d 416, 426 (1978) (emphasis added) (analogizing HRCP Rule 6(b) to Federal Rules of Civil Procedure ("FRCP") Rule 6(b) and noting that "[t]he 90-day time period [of FRCP Rule 25(a)(1)] is subject to extension under Rule 6(b), F.R.C.P., at the discretion of the trial court").

*Bagalay* states that "[t]he burden is on the movant to demonstrate good faith and to show some reasonable basis for noncompliance with the rules." 60 Haw. at 141, 588 P.2d at 426 (citing *Yonofsky v. Wernick*, 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973)). Here, the Circuit Court notes in its Dismissal Order that "[Kapahu's counsel] failed to contact the deceased Plaintiff's daughter to discuss continuing prosecution of the deceased Plaintiff's lawsuit in this action until mid-August 2013." While Sam's Club experienced no similar difficulty in locating Ms. Kapahu to serve notice that it had filed the Suggestion of Death, neither the Circuit Court nor Sam's Club contends that Kapahu proceeded in bad faith. Furthermore, counsel's "reasonable basis for noncompliance," as set out in counsel's declaration was not found to be lacking. Therefore, the Circuit Court's decision to deny Kapahu an extension of time rests squarely on its conclusion that "[a]s a result of delay, [Sam's Club] suffered actual prejudice."

As for "actual prejudice," the Dismissal Order includes but one finding that might have any bearing on its conclusion: "At the time of the hearing on Defendant's Motion to Dismiss, three years and eight months had passed since the date of the subject incident."[8] The "delay" to which that finding points, however, is the passage of time from the date of the underlying accident rather than any delay associated with substitution in 2013. In *Bagalay*, the court addressed the related question of

---

[8] The only other finding of potential "actual prejudice" was "2. Defendant attempted to take the Plaintiff's oral deposition on at least five (5) separate occasions" if understood in conjunction with the unstated finding that the deposition, though commenced, was never terminated. Any prejudice associated with the incomplete deposition, however, arose upon Kapahu's death, after which the deposition could no longer be completed, and was not associated with any subsequent delay in filing the motion for substitution.

when substitution of a party must occur in order to preserve the right of survival.[2/]  In holding that substitution should occur within a "reasonable time" after the death of a party, the court stated that "[t]he 'reasonable time' is determined by whether the *delay in substitution* has (or would) materially prejudice [sic] the substantial rights of any party."  *Bagalay*, 60 Haw. at 142, 588 P.2d at 427 (quoting *Morse v. Deschaine*, 163 N.W.2d 693, 695-96 (Mich. App. 1968)).

Here, Kapahu died on February 3, 2013; the Suggestion of Death was filed on April 5, 2013; the 120-days proscribed by HRCP Rule 25 expired on August 5, 2013; the Motion to Dismiss was filed on August 6, 2013; the Motion for Substitution was filed on September 10, 2013; and the oral request for an extension of time was made at the hearing on September 19, 2013.  Applying the *Bagalay* principle here, anything that occurred from the date of the underlying incident through at least the date of Kapahu's death does not constitute actual prejudice for purposes of the extension analysis.

Sam's Club would distinguish *Bagalay* on the basis that, for over two years after the death of the *Bagalay* plaintiff, the parties continued to proceed as if the proper parties were before the court; the *Bagalay* defendant did not take prompt action after the plaintiff's death was known and therefore "acquiesced in the delay"; there was legitimate difficulty in contacting heirs of the deceased in *Bagalay*; and the defendant had not moved for dismissal.  We are unpersuaded.  These factors reference that Sam's Club moved promptly and did not acquiesce in any delay as contrasted with its counterpart in *Bagalay*, and that Kapahu's counsel could arguably have contacted the heirs more promptly.  Nevertheless, they do not change the fact that the HRCP Rule 25(a)(1) time period is subject to extension at the discretion of the trial court, *Elsenbach*, 2015 WL 4878412, at *3, that courts

_____

[2/]     It is unclear whether "the delay in substitution" under *Bagalay* refers to any time from the date of the party's death, the date the Suggestion of Death was filed, or 120 days after the date the Suggestion of Death was filed.  Nevertheless, because in this case there is no finding issued or argument made that any specific prejudice arose from the date of death forward, we need not determine that issue.

generally have given HRCP Rule 6(b) a liberal interpretation in order to work substantial justice, that the discretion of the trial court should ordinarily be exercised to permit an extension of time in the absence of a showing of bad faith or undue prejudice, and that the burden is on the party seeking an extension of time to demonstrate good faith and some reasonable basis for noncompliance with the rules. *Bagalay*, 60 Haw. at 140-41, 588 P.2d at 426 (citing *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973)).

In sum, despite the Circuit Court's conclusion to the contrary, neither the court nor Sam's Club has pointed to any actual prejudice that arose between February 3 and September 19, 2013.[10] And, while Kapahu's counsel might have moved faster to identify an heir and obtain an informal appointment from the probate court, the Hawai' Supreme Court has stated that "'[t]he Rules of Civil Procedure are to be liberally construed to promote justice,' and the court may depart from the literal application of the rule where such action is necessary to prevent the miscarriage of justice." *Bagalay*, 60 Haw. at 141, 588 P.2d at 426 (quoting *Struzik v. City & Cty. of Honolulu*, 50 Haw. 241, 246, 437 P.2d 880, 884 (1968)). Accordingly, we give significant weight to the "lack of prejudice" in an HRCP Rule 6(b) determination, and when there is no prejudice to the opposing party, it weighs in favor of granting the motion. *See Yanofsky*, 362 F. Supp. at 1015.

In the absence of a showing of actual prejudice to Sam's Club in the eight months between Kapahu's death and the motion for substitution, and in light of the fact that Kapahu's counsel did not abandon the case but continued with pretrial proceedings while attempting to locate his client's heirs, we conclude that the Circuit Court abused its discretion in granting

---

[10] Sam's Club, in fact, contends that it need not show actual prejudice due to delay in filing the Motion for Substitution, but, rather, the relevant inquiry is whether Sam's Club was prejudiced by conduct occurring throughout the entire case. We conclude, however, that while such an "entire case" analysis might be appropriate for determining a motion to dismiss for failure to prosecute under HRCP Rule 41(b), it is not an appropriate basis upon which to dismiss a case under HRCP Rule 25(a)(1) for failure to timely substitute a party plaintiff.

the motion to dismiss under HRCP Rule 25(a)(1), in not granting the motion for extension of time under HRCP Rule 6(b), and in refusing to permit Ms. Kapahu to substitute as plaintiff in the case. *See Amfac*, 74 Haw. at 114, 839 P.2d at 26.

Therefore, the Judgment is vacated and the case is remanded for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, August 31, 2016.


On the briefs:

Charles H. Brower,
for Plaintiff-Appellant.

Shawn M. Nakoa,
Lisa Strandtman, and
Reginauld T. Harris
(Rush Moore LLP)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

12